# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**NICOLE CAMPBELL,**

> **Plaintiff,**

**v.**                                                    **Case No: 5:25-cv-739-KCD-PRL**

**REMINGTON'S PRIME OCALA, LLC,**

> **Defendant.**

---

## ORDER

Plaintiff Nicole Campbell filed this action against Defendant Remington's Prime Ocala, LLC, alleging claims of race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint and the motion.

## I.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. *See* 28 U.S.C. § 1915(a)(1); *Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (stating that under 28 U.S.C. § 1915, a litigant may commence a civil action in federal court "by filing in good faith an affidavit stating . . . that [s]he is unable to pay the costs of the lawsuit"). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). As such, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted).

## II.    DISCUSSION

As an initial matter, Plaintiff's motion (Doc. 2) is deficient because she did not use the proper form. Consequently, the motion lacks the requisite information and detail to determine if she is indigent, as she did not answer several pertinent questions or provide an explanation for her inability to do so. The Court will allow Plaintiff to file an amended motion to proceed in forma pauperis so that she can provide the Court with sufficient information to determine if she is indigent. As such, Plaintiff must complete the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" from the Court's website (https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or).

To bring a viable claim in federal court under Title VII, a plaintiff must exhaust all administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citation omitted). First, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act or acts. *See* 42 U.S.C. § 2000e-5(e)(1); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003); *see also Vason v. City of Montgomery, Ala.*, 240 F.3d 907 (11th Cir. 2001) (holding that the EEOC charge must be made under oath or affirmation); *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) ("The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.") (citations and internal quotation marks omitted). Second, upon receiving a right-to-sue letter from the EEOC upon the termination of their investigation, the plaintiff may bring a civil action against the named

respondent within 90 days by filing a complaint. *See* 42 U.S.C. § 2000e-5(f)(1); *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).

Although Plaintiff contends that "[t]his action is filed timely" (Doc. 1 at ¶ 28), her complaint does not state or provide any supporting documentation, such as an EEOC right-to-sue letter, establishing that she exhausted all her administrative remedies prior to filing suit. *See Bright v. Contractors Access Equip. Co.*, No. 8:24-cv-2107-WFJ-LSG, 2024 WL 5203041, at *2 (M.D. Fla. Dec. 6, 2024), *report and recommendation adopted*, 2024 WL 5202779 (M.D. Fla. Dec. 23, 2024) (stating that the "Notice of the Right to Sue" letter from the EEOC "establishes that [plaintiff] exhausted his administrative remedy before suing and that this action is timely") (citations omitted); *Bigglest v. Mayor & Alderman of City of Savannah*, No. CV412-240, 2012 WL 5200107, at *1 (S.D. Ga. Oct. 22, 2012), *report and recommendation adopted*, 2012 WL 5845349 (S.D. Ga. Nov. 19, 2012) (determining that plaintiff "failed to furnish an EEOC right-to-sue letter, which is a statutory precondition to suit") (citing *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 169-70 (11th Cir. 1996)). As such, Plaintiff must attach the EEOC right-to-sue letter to her amended complaint so the Court can confirm that Plaintiff exhausted her administrative remedies before filing the complaint and that this action is not time-barred.

## III.   CONCLUSION

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint and an amended motion to proceed in forma pauperis on or before **December 22, 2025**.[1] Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Ocala, Florida on November 21, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] To proceed in forma pauperis, Plaintiff's complaint must state a viable cause of action that satisfies the screening process of 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may pay the filing fee and conduct proper service of process if she wishes to proceed under the complaint.